THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JERRY GEORGE WOOD, JR.,<br><br>                    Petitioner,<br><br>        v.<br><br>JASON BENNETT,<br><br>                    Respondent. | CASE NO. C23-0877-JCC<br><br>ORDER |

This matter comes before the Court on Petitioner Jerry Wood's objections (Dkt. No. 16) to the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. No. 15). Having thoroughly considered the parties' briefing and the relevant record, the Court OVERRULES the objections (Dkt. No. 16), ADOPTS the R&R (Dkt. No. 15) to the extent it does not conflict with this order, and DISMISSES with prejudice the petition for writ of habeas corpus (Dkt. No. 1).

**I.     BACKGROUND**

The details of this case are described in the R&R (Dkt. No. 15), but the Court will briefly summarize the most relevant facts. Wood was charged with second degree rape, soliciting first degree murder, soliciting first degree kidnapping, and conspiracy to intimidate a witness. (Dkt. No. 12-1 at 28, 30, 32.) After a jury trial in Snohomish County Superior Court, the jury found Wood guilty of the solicitation charges, acquitted him of the conspiracy charge, and hung on the

*Plumlee v. Masto*, 512 F.3d 1204, 1210 (9th Cir. 2008) (emphasis added).

### B. Right to Testify

Wood first argues he was denied his constitutional right to testify at trial, and that the R&R failed to consider that the state court of appeals used the wrong federal standard in analyzing this issue on direct appeal. (Dkt. No. 16 at 3–6) (quoting *Wood*, 498 P.3d at 983).

By way of background, the state court of appeals considered whether the trial court infringed Wood's right to testify when, "[a]fter the State and Wood both rested, Wood changed his mind and asked the court to reopen his case to allow him to testify as to the solicitation charges." *Wood*, 498 P.3d at 983. After acknowledging the Supreme Court's decision in *Rock v. Arkansas*, 483 U.S. 44 (1987), the state court of appeals held that the "trial court's ruling was supported by tenable reasons." *Id.* at 983 (citing *State v. Barnett*, 16 P.3d 74 (Wash. Ct. App. 2001)). According to Wood, the state court of appeals should have used the federal standard, "as set out in binding Circuit precedent." (Dkt. No. 16 at 5.) He argues that, under *Gill v. Ayers*, 342 F.3d 911, 920–21 (9th Cir. 2002), the state must show "overriding case-specific reasons" before denying a criminal defendant the right to testify. (Dkt. No. 16 at 3–4.) Wood's argument fails for two independent reasons.

First, Wood's reliance on Ninth Circuit (rather than Supreme Court) precedent cannot support his claim for habeas relief under § 2254(d). "[A]s the statutory language makes clear, . . . § 2254(d)(1) restricts the source of clearly established law to [the Supreme Court's] jurisprudence." *Williams*, 529 U.S. at 412; *see Moore v. Calderon*, 108 F.3d 261, 264 (9th Cir. 1997), *as amended* (Mar. 20, 1997) ("A state court decision may not be overturned on habeas review, for example, because of a conflict with Ninth Circuit-based law."). Thus, to the extent Wood relies upon the standard set forth by the Ninth Circuit in *Gill*, his argument is unpersuasive.

Second, even if the Court were to consider Ninth Circuit case law, the more appropriate citation is to *United States v. Orozco*, 764 F.3d 997 (9th Cir. 2014). There, the Ninth Circuit

1  affirmed the trial court's denial of the defendant's request to testify after both sides rested and
2  the prosecutor had made closing argument. *Id.* at 1001–02. In doing so, the court held that "a
3  defendant must generally invoke the right to testify before the close of evidence," and that a trial
4  court's denial of a motion to reopen to allow a defendant to testify is reviewed for an abuse of
5  discretion using the following factors ("the *Walker* factors"): "(1) the timeliness of the
6  defendant's motion, (2) the character of the proposed testimony, (3) the disruptive effect of
7  granting the motion, and (4) whether the defendant offered a reasonable excuse for his or her
8  untimely request to testify." *Id.* at 1001 (citing *United States v. Walker*, 772 F.2d 1172, 1177 (5th
9  Cir. 1985)).

10      In this case, the state court of appeals, citing both state law and *Orozco*, concluded that
11  "[t]he trial court did not abuse its discretion in rejecting Wood's motion to reopen the defense
12  case." *Wood*, 498 P.3d at 984. This, the court reasoned, was because Wood made his request
13  after both sides rested, he had ample time to consider his right to testify and the scope of his
14  testimony, and he did in fact testify and was allowed to limit his testimony to only one charge.
15  *Id.* at 983. Moreover, reopening the case would have caused delay and prejudice to the State. *Id.*

16      Based on these facts, the Court cannot conclude that the state court of appeals decision
17  was "contrary to" or an "unreasonable application" of "clearly established Federal law." *See*
18  § 2254(d)(1). Notwithstanding Wood's fixation on the state court's use of the term "tenable
19  reasons," the court appears to have been aware of the applicable federal law and its reasoning
20  reflects an application of the *Walker* factors. *See Wood*, 498 P.3d at 983. But even if it hadn't,
21  Wood still fails to identify any *Supreme Court* precedent mandating the relief he requests under
22  § 2254(d)(1).

23      Accordingly, Wood's petition is DENIED as to this ground.

24      **C.**    **Right to Conflict-Free Counsel**

25      Next, Wood argues he was denied his Sixth Amendment right to conflict-free trial
26  counsel. (Dkt. No. 16 at 11–12.) To support this assertion, he relies upon *Cuyler v. Sullivan*,

which provides that "[i]n order to demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance." 446 U.S. 335, 350 (1980).

Again, Wood's argument lacks merit. As Judge Christel correctly noted, "[i]t is not clearly established that the *Cuyler* framework applies to instances in which counsel's purported conflict of interest was personal rather than based on improper joint representation." (Dkt. No. 15 at 19) (quoting *Hunt v. Virga*, 651 F. App'x 713, 715 (9th Cir. 2016)); *see Mickens v. Taylor*, 535 U.S. 162, 176 (2002) ("Whether [*Cuyler*] should be extended to [non-joint representation cases] remains, as far as the jurisprudence of this Court is concerned, an open question."). And here, the alleged conflict was not based on improper joint representation. Accordingly, Wood fails to demonstrate that the state court of appeals' ruling on this issue was contrary to or an unreasonable application of clearly established Supreme Court precedent. *See* § 2254(d)(1).

For these reasons, the Court DENIES Wood's petition as to this ground.

### D.  Right to Effective Assistance of Counsel

Finally, Wood claims he was denied his Sixth Amendment right to effective assistance of counsel when his trial lawyer, Walter Peale, failed to exercise due diligence in locating a potentially exculpatory witness. (Dkt. No. 16 at 8–11.) In objecting to the R&R, Wood asserts Judge Christel ignored the state trial court's finding that "defendant did not exercise due diligence in attempting to locate and interview [the witness] before trial." (Dkt. Nos. 16 at 8, 12-1 at 66.) Here, again, Wood's argument is without merit.

First, Wood appears to conflate two separate issues: (1) the state standard for granting a new trial based on newly discovered evidence under Washington Superior Court Criminal Rule 7.8(b)(2); and (2) the federal standard for a finding of ineffective assistance of counsel ("IAC") under *Strickland v. Washington*, 466 U.S. 668 (1984). In this case, the state trial court's finding of a lack of due diligence was made under the former, *i.e.*, for purposes of Wood's *motion for a*

*new trial*—<u>not</u> his claim of ineffective assistance of counsel. (Dkt. No. 12-1 at 66–67.)[1] Indeed, the state court of appeals' opinion reflected this distinction, whereby the court performed the analysis for each issue separately. *See Wood*, 498 P.3d at 986–89. And ultimately, the court of appeals concluded that (1) "[t]he trial court did not abuse its discretion in denying Wood's motion for a new trial" because, among other things, he "did not exercise due diligence in attempting to locate [the witness] before trial," and (2) Mr. Peale's failure to exercise due diligence was not deficient under *Strickland* because he "made a reasonable, tactical decision to prioritize his time and resources on other aspects of Wood's defense." *Id.* at 988.[2]

Second, Wood again fails to identify any Supreme Court case mandating the relief he seeks, as is required under § 2254(d)(1). Besides *Strickland*, his only cited Supreme Court case is *Florida v. Nixon*, 543 U.S. 175 (2004), which, according to Wood, provides that "[d]ecisions about whether to fight a charge or not belong to the client, not the lawyer." (Dkt. No. 16 at 8.) But Wood overstates *Nixon*'s holding. *Nixon* involved a defendant's "ultimate authority" to determine "whether to plead guilty," not the decision to pursue more viable avenues of defense after failed attempts to locate a particular witness. *See Nixon*, 543 U.S. at 187 (citation omitted). The latter situation—and the one presented in this case—falls squarely into the category of tactical decisions that "do[] not require counsel to obtain the defendant's consent." *Id.* (citing

---

[1] Notably, when Mr. Peale attempted to argue that if he "failed to exercise diligence to present that necessary evidence, then [he has] been ineffective," the trial court explicitly rejected this logical leap and stated: "I would not call you ineffective. . . . I think [those] are two different things." (*Id.* at 3577–78.) Wood therefore appears to misrepresent the state record in asserting that the trial court found "Mr. Peale's performance was deficient under *Strickland*." (Dkt. No. 16 at 8.) Wood's counsel is reminded of his duty of candor toward this Court. *See* MODEL RULES OF PROF'L CONDUCT r. 3.3 (AM. BAR ASS'N 1983).

[2] Although there is, admittedly, a tension between these two conclusions, they are by no means irreconcilable. Indeed, *Strickland* imposes a high burden on defendants claiming IAC, and reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." 466 U.S. at 689; *see also id.* at 690 ("These standards require no special amplification in order to define counsel's duty to investigate.").

*Taylor v. Illinois*, 484 U.S. 400, 417–18 (1988) (an attorney has authority to manage most aspects of the defense without obtaining his client's approval)). Therefore, Wood fails to show that the state court of appeals' ruling on this issue was contrary to or an unreasonable application of clearly established Supreme Court precedent.

Accordingly, the Court DENIES Wood's request for habeas relief as to this ground.

### E.  Certificate of Appealability

A petitioner may appeal dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge, which may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Judge Christel found that no reasonable jurist could find the issues presented in Wood's habeas petition deserve encouragement to proceed further. (*See* Dkt. No. 15 at 25.) And given the findings above, Wood presents the Court with no reason to depart from that conclusion.

Separately, Wood challenges the constitutionality of the certificate of appealability process itself. (Dkt. No. 16 at 12–13.) In a recent ruling on this same issue, the Honorable John Chun, United States District Court, held that "a limited certificate of appealability is warranted . . . given the novelty of [the] claim and the important constitutional question at stake." *Noor v. Andrewjeski*, 2023 WL 4683863, slip op. at 15 (W.D. Wash. 2023). The Court agrees. Accordingly, Wood is granted a limited certificate of appealability as to his constitutional challenge to the certificate of appealability procedure itself.

### III.  CONCLUSION

For the foregoing reasons, Wood's objections to the R&R (Dkt. No. 16) are OVERRULED. The Court ADOPTS the conclusions of the R&R (Dkt. No. 15), as well as its reasoning to the extent it does not conflict with this order. The Court further DENIES Wood's

1 | request for a certificate of appealability as to his habeas claims, but GRANTS it on the issue of
2 | the constitutionality of the certificate of appealability procedure. The petition (Dkt. No. 1) is
3 | DISMISSED with prejudice.
4 |     DATED this 25th day of March 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE